■ IRENE H. GRAZIANE, Respondent, v CARL N. GRAZIANE, Appellant.— Appeal from an order of the Family Court of Montgomery County, entered August 18, 1978. The appellant applied to Family Court for the modification of prior orders of the court, entered September 17, 1976 and February 1, 1978, which had respectively ordered the appellant to stay away from the former marital residence of the parties and extended the respondent's exclusive possession of the residence. Specifically, the appellant alleged that he now needed the use of a barn located near the house for business purposes. The Family Court noted that it had previously held that the cases of *Hickland v Hickland* (39 NY2d 1) and *Bernstein v Bernstein* (36 AD2d 620) were factually inapposite. The record does not conclusively establish any prior or present necessity for the use of the premises by the appellant and as the Family Court found: "I fail to find where there has been any evidence showing a change in circumstances from the last order of this court which would require or warrant modification of the order of this court." Order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.

■ In the Matter of the Claim of JULIUS J. ALPERIN, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 19, 1975. The record establishes conclusively that the claimant, on March 12, 1971, suffered a condition of acute heart failure or insufficiency caused by an excessive work effort. The appellants have prosecuted this appeal upon a shortened record, but it appears to be essentially undisputed that the claimant sustained an accidental injury on March 12, 1971 because of the aggravation of a pre-existing heart defect caused by a damaged aortic valve. The appellants contend that the record does not contain any substantial evidence to support the conclusion of the board that the subsequent operation upon claimant for the replacement of the defective aortic valve and the sequelae of that operation are causally related to the work activity of March 12, 1971. However, unlike the case of *Matter of Maynard v Industrial Welding Corp.* (63 AD2d 772), relied upon by the appellants, the record herein contains unequivocal medical testimony that the particular work effort caused the condition to become symtomatic and that the operation was necessary to relieve the symptoms. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.